IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY TROY WILLIAMS,<br><br>    Petitioner,<br><br>v.<br><br>DARON HALL, d/b/a Sheriff of Davidson County, Tennessee; VICTOR S. (TORRY) JOHNSON, III, d/b/a 20th Judicial District Attorney General; and MARK FISHBURN d/b/a Division H Judge, 20th District Circuit Court,<br><br>    Respondents. | Case No. 3:12-cv-1011<br>Senior Judge Haynes |

## MEMORANDUM

Petitioner, Anthony Troy Williams, filed this action under 28 U.S.C. § 2241, challenging the legality of Petitioner's pretrial confinement. Petitioner is charged in Davidson County Criminal Court with three offenses: Case No. 2012-A-392, driving on a canceled, suspended or revoked license that is alleged to be his second or more offense; Case No. 2012-A-506, driving on a canceled, suspended or revoked license, second or more offense; and Case No. 2012-B-1294, driving on a canceled, suspended or revoked license, second or more offense and criminal impersonation.[1]

Petitioner's claims are for "[u]nlawful detention without just cause; lack of jurisdiction or lawful charge; reclassification of offenses without due process; failure to provide bail amounts in

---

[1] Petitioner also lists Davidson County Criminal Court Case No. 2011-C-2662 as one of the cases upon which this action is based. State v. Anthony Troy Williams, No. M2012-00242-CCA-R3-CD, 2012 WL 4841547 (Tenn. Crim. App. Oct. 3, 2012); (Docket Entry No. 16-4, Addendum 4). There, Petitioner was convicted of driving on a canceled, suspended or revoked license, second or more offense and sentenced to six months imprisonment and a $2,500 fine. The appeal of that conviction did not become final until October 3, 2012. Petitioner's detention at the time of filing this action is based upon his pending charges and is unrelated to his previous conviction.

violation of the Constitution of the State of Tennessee;" all of which are in violation of due process of law. (Docket Entry No. 1). Petitioner seeks immediate injunctive relief from "unlawful physical confinement . . ., currently being held at the Davidson County Jail . . ., in violation of due process of law." Id. Petitioner alleges that he is being held "absent conviction, against his will, without proper charges . . . ." Id.

On March 30, 2012, Petitioner's three cases were set for a pre-trial hearing on June 22, 2012 and a trial date set for July 30, 2012. (Docket Entry No. 16-1, Addendum 1 at 1; Docket Entry No. 16-2, Addendum 2 at 1; Docket Entry No. 16-3, Addendum 3 at 1).[2] Petitioner failed to appear on June 22, 2012, and the state court issued warrants with bond set at $5,000 in each case. (Docket Entry No. 16-1, Addendum 1 at 1, 47; Docket Entry No. 16-2, Addendum 2 at 1, 42; Docket Entry No. 16-3, Addendum 3 at 1, 40). On July 30, 2012, those warrants were recalled and new warrants were issued with bond to be determined. (Docket Entry No. 16-1, Addendum 1 at 1, 46; Docket Entry No. 16-2, Addendum 2 at 1, 41).

Petitioner was arrested on August 2, 2012 (Docket Entry No. 1 at 2), and his bond in each cases was set at $5,000, with the total bond being $15,000, (Docket Entry No. 16-2, Addendum 2 at 43). Petitioner was released on bond on October 5, 2012. (Docket Entry No. 16-1, Addendum 1 at 1; Docket Entry No. 16-2, Addendum 2 at 1). A status conference was set in all three (3) cases for January 25, 2013, and the cases are set for trial on January 28, 2013. (Docket Entry No. 16-1, Addendum 1 at 1; Docket Entry No. 16-2, Addendum 2 at 1; Docket Entry No. 16-3, Addendum 3 at 1).

---

[2]References are to the pagination of the Addendums rather than the pagination of the court's electronic document filing system.

2

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief to a state pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States. Yet, 28 U.S.C. § 2283 prohibits an injunction to stay proceedings in a State court except as expressly authorized by an act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Twenty-eight U.S.C. § 2254(b)(1) requires a petitioner to exhaust his state court remedies, including to the highest available state court for review. Yet, Section 2241(c)(3) does not expressly require exhaustion. Federal courts, however, may abstain from exercising jurisdiction if the claims in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. Younger v. Harris, 401 U.S. 37, 45 (1971); Squire v. Coughlan, 469 F.3d 551 (6th Cir. 2006). This judicial doctrine is to afford the state courts the opportunity to resolve federal constitutional issues arising within their jurisdiction, and to limit federal interference in the state court proceedings. Younger, 401 U.S. at 45.

For abstention, there must be ongoing state judicial proceedings that implicate important state interests and for which an adequate opportunity exists in the state proceedings to raise federal constitutional challenges. Squire, 469 F.3d at 555. "So long as the constitutional claims . . . can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

Here, the State has three (3) ongoing criminal prosecutions for driving with a canceled, suspended or revoked license that are second or more offenses as well as criminal impersonation.

3

The state court proceeding is ongoing and represents an important state interest. Petitioner also failed to appear for court and that act led to his detention. Petitioner has an adequate opportunity to raise his constitutional challenges prior to his trial, and on appeal. Petitioner's confinement arises from his failure to appear for court.

The Court concludes that abstention is appropriate here, absent evidence of the exceptions under Younger's abstention doctrine. For these reasons, this action should be dismissed without prejudice.

An appropriate Order is filed herewith.

ENTERED this the _____ day of February, 2016.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge